IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERIZON TRADEMARK SERVICES, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Misc. No. 11-227-SLR ) |
| THE PRODUCERS, INC., et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 18th day of January, 2012, having reviewed the motion to quash filed by Intercosmos Media Group, Inc. ("IMG"), and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 1) is denied, for the reasons that follow:

1. On March 19, 2010, plaintiffs filed in the United States District Court for the Middle District of Florida a complaint against certain defendants, including IMG, for cybersquatting in violation of 15 U.S.C. § 1125(d)(1). *Verizon Trademark Services, LLC, et al. v. The Producers, Inc., et al.,* Case No. 8:10-cv-665-VMC-EAJ ("the Florida litigation"). IMG was dismissed from the Florida litigation for lack of personal jurisdiction in August 2011.

2. In September 2011, plaintiffs commenced their efforts to obtain document production from IMG as a third party. Those efforts include service of a subpoena *duces tecum* at the address of IMG's "registered office in Louisiana" and "principal

business establishment in Louisiana," as listed in IMG's Foreign Corporation Annual Report ("Annual Report") filed with the Louisiana Secretary of State on September 29, 2011. IMG, however, was not located at that address and had not been at that address for a long time. (D.I. 3, exs. F, G)

3. Consistent with Louisiana law, plaintiffs next attempted to serve IMG at its "principal business office wherever located" which, according to the Annual Report, is 113 Barksdale Professional Center, Newark, Delaware 19711-3258. (D.I. 3, ex. F) Rather than comply with the subpoena, IMG filed the instant motion to quash. IMG's primary argument in support of its motion is that, from 1999 to 2009, IMG conducted business and maintained all of its employees, operating equipment, computer servers and proprietary technology in New Orleans, Louisiana. (D.I. 5 at 2) IMG concludes that, because it never operated out of any address in Delaware during its ten years of operation, it was "irrational" for plaintiffs to believe that IMG would maintain any business records in Delaware. (*Id.* at 3) While IMG concedes that it was incorporated in the State of Delaware in 1999 and has a Delaware agent for service of process, it argues that said agent "lacks any degree of custody or control over the out-of-state business maintained by IMG that is the focus of the subject subpoena." (D.I. 2 at 2; D.I. 5 at 3)

4. Federal Rule of Civil Procedure 45(a)(2)(C) requires that a subpoena for the production of documents must issue "from the court for the district where the production or inspection is to be made." Rule 45(c)(1) requires a party responsible for serving a subpoena to take reasonable steps "to avoid imposing undue burden or expense on a person subject to the subpoena," a duty which the issuing court must enforce. It is not

2

unreasonable to serve a subpoena *duces tecum* upon a third party in a district where said party resides or does business.

5. From the papers presented, it is evident that IMG no longer conducts business at the only Louisiana address of record, even if it did so during the previous decade. It also is evident that IMG represented in September 2011 to the Louisiana Secretary of State that its "principal business office" is in Newark, Delaware. (D.I. 3, ex. F) Plaintiffs' subpoena, directed to a Delaware corporation with a principal business office in Newark, Delaware, is enforceable, absent undue burden or expense. Because IMG has not been candid in this dispute,[1] the court has no basis for finding that compliance would be an undue burden. Therefore, the motion to quash is denied, as is IMG's request for sanctions.

IT IS FURTHER ORDERED that, on or before **January 31, 2012**, IMG shall produce relevant documents at the place indicated, consistent with the subpoena. (D.I. 2, ex. C)

IT IS FURTHER ORDERED that, absent compliance, the court will impose sanctions, to include but not be limited to plaintiffs' reasonable attorney fees and expenses for responding to the instant motion.

                                                                   */s/*
United States District Judge

---

[1] To wit, IMG has not informed the court where it is currently conducting business and/or where it maintains its business records.